## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIE FRED LEE** | § | **CIVIL ACTION NO:** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **DALLAS COUNTY JAIL** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE** | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES,** Willie Fred Lee, hereinafter called Plaintiff, complaining of the Dallas County Jail, hereinafter called Defendants, and for cause of action shows unto the Court the following:

## I.
## PARTIES AND SERVICE

    1.    Plaintiff, Willie Fred Lee, is an individual who, at the time of the incidents made the basis of this lawsuit, was an individual in the custody of the Dallas County Jail or the Texas Department of Criminal Justice.

    2.    Defendant Dallas County Sheriff's Department, is a governmental entity that was in charge of the Dallas County Jail, a detention facility where Plaintiff Lee was housed at the time of some of the incidents made the basis of this lawsuit. TDCJ may be served by delivering a copy of this Complaint to its Director or its attorneys.

    3.    Defendant, TDCJ, is a governmental entity that was in charge of the prison facility where Plaintiff Lee was housed at the time of some of the incidents made the basis of this lawsuit. TDCJ may be served by delivering a copy of this Complaint to its Director or its attorneys.

**III.**
**JURISCITION AND VENUE**

4.      Plaintiff brings this action under the ADA and Section 504, a federal statute that confers jurisdiction on this Court.  Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a)(3)(4).

5.      Venue in the Northern District of Texas is proper because all or a substantial part of the events or  omissions giving rise to this lawsuit occurred in Dallas County, which is located in this district.

**IV.**
**FACTS**

6.      On November 2, 2017, Plaintiff Willie Fred Lee was placed in the custody of the Dallas County Jail.

7.      At the time he was placed in custody, Plaintiff Lee informed the Dallas County Jail, that he had arthritis in his knee, and that the cartilage and tissue in his knees had worn away, and he needed the assistance of a walker in order to ambulate and conduct ordinary life activities.

8.      From November 2 to November 11, 2019, Plaintiff Lee informed the Dallas County jail staff of the condition of his knee and his need for assistance of a walker.

9.      Nevertheless, the Dallas County jail staff denied Mr. Lee the use of the walker.

10.      On November 11, 2019, as a result of the Dallas County Jail's failure to provide him with the walker, Plaintiff Lee fell at the jail and suffered a severe head and knee injuries.

11.      In December 2017, Plaintiff Lee was transferred into the custody of the Defendant Texas Criminal Justice Center prison system.  Upon reporting to the Buster Cole unit of Defendant TDCJ, Plaintiff Lee again informed prison officials of the conditions of his knees.

12.      Prison officials at the Cole Unit also failed to provide Plaintiff Lee with a walker, causing Plaintiff Lee with great pain.

### C. COUNT ONE:
### VIOLATION OF THE AMERICAN WITH DISABILITIES ACT& SECTION 504 OF THE REHABILITATION ACT AS TO INSTITUTIONAL DEFENDANTS TDCJ AND DALLAS SHERIFF'S DEPARTMENT

13.     Plaintiffs hereby adopt, incorporate, restate and re-allege each of the preceding paragraphs.

14.     Title II of the Americans With Disabilities Act (hereinafter "ADA") provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity. A public entity includes any department, agency, special purpose district, or other instrumentality of a State, or States or Local Government.

15.     Section 504 of the Rehabilitation Act of 1973 provides that no otherwise qualified individual with a "disability" shall, solely by reason of his or her disability, be excluded from the participation and, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal or financial assistance.

16.     A program or activity includes all of the operations of a department, agency, special purpose district, or other instrumentality of a State, or of a Local Government. A disabled Plaintiff can succeed in an action under Title II of the ADA or Section 504 of the Rehabilitation Act if such person can demonstrate that, by reason of such person's disability, he was either excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or otherwise subjected to discrimination by such entity.

17.      Further, various courts have held that the failure of correctional officers and medical personnel to provide medical assistance to an inmate suffering from a disability constitutes a violation

of the ADA and Rehabilitation Act. *See, e.g.*, *McCoy v. Tex. Dep't of Crim. Justice,* 2006 U.S. Dist. LEXIS 55403 (S.D. Tex. 2006); *see also Hinojosa v. Livingston,* 994 F. Supp. 2d 840 (S.D. Tex. 2014).

18.     Both Defendants TDCJ & Dallas County Jail are recipients of federal financial assistance, and are therefore covered by the mandate of Section 504 & the ADA, which requires that recipients of federal monies reasonably accommodate persons with disabilities in their facilities, program activities, and services, and reasonably modify such facilities, services, and programs to accomplish this purpose.

19.     Mr. Lee had arthritis in his knee, and the cartilage and tissue in his knees had worn away, and needed the assistance of a walker in order to ambulate and conduct ordinary life activities.  These conditions substantially limited one or more of Mr. Lee's life activities, making it a recognized disability under the ADA. 42 U.S.C. § 12101(2). Accordingly, Mr. Lee was entitled to protection under the ADA and the Rehabilitation Act.

20.     At all times, Dallas County Jail and TDCJ administrators and staff had substantial knowledge and notice of Mr. Lee's disability. Despite this knowledge, the Dallas County Jail and TDCJ administrators and staff refused to accommodate Mr. Lee's disability by providing him his walker, which was necessary for him to conduct ordinary life activities such as walking.

21.     Dallas County Jail and TDCJ's refusal to reasonably accommodate Plaintiff Lee's disabilities proximately caused him injury and pain.

22.     Plaintiff Lee  therefore seek to recover compensatory and punitive damages, attorney's fees, expenses, costs and any other relief permitted under the law as a result of the foregoing violations of the ADA and the Rehabilitation Act.

Respectfully submitted,

_____/s/ Dimitri Dube_____
Dimitri Dube
State Bar No. 24068944
Dimitri Dube PC
325 N. St. Paul, Suite 2750
Dallas, TX 75201
972.975.2010 fax
dimitridubepc@gmail.com
Dimitri Dube

ATTORNEY FOR PLAINTIFF


_____/s/ Ezekiel Tyson_____
Ezekiel Tyson
State Bar No.
Tyson Law Firm

ATTORNEYS FOR PLAINTIFF