IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIE FRED LEE,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:19-CV-02690-L** |
| | § | |
| **DALLAS COUNTY, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Texas Department of Criminal Justice's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) (Doc. 26), filed on January 26, 2021. After careful consideration of the motion, response, pleadings, record, and applicable law, the court **denies** Defendant's Motion to Dismiss (Doc. 26).

**I.   Factual and Procedural Background**

On January 5, 2021, Plaintiff Willie Fred Lee ("Plaintiff" or "Mr. Lee") filed his Second Amended Complaint[1] (Doc. 24) against Defendants Texas Department of Criminal Justice ("Defendant" or "TDCJ"), Dallas County, and the Dallas County Hospital District (d/b/a Parkland Health and Hospital System) ("Parkland Hospital"). This action arises out of alleged violations of Mr. Lee's rights under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") by TDCJ and the other defendants.

The facts as alleged by Plaintiff are as follows: Mr. Lee was placed in the custody of Dallas County Jail on November 2, 2017. Pl.'s Second Am. Compl. ¶ 6. Between that date and November

---

[1] Plaintiff Lee titled his active pleading "Plaintiff's Third Amended Complaint" (Doc. 24). As noted by Defendant TDCJ, it is in fact Mr. Lee's Second Amended Complaint, so the court will refer to it as such to more accurately reflect the record.

11, 2017, Mr. Lee informed the jail staff and Parkland Hospital staff that "he had arthritis in his knee, and that the cartilage and tissue in his knees had worn away, and he needed the assistance of a walker in order to ambulate and conduct ordinary life activities." *Id.* ¶ 7.  Dallas County Jail staff and Parkland Hospital staff denied his requests for a walker and "other services that would have accommodated his disability, which resulted in Mr. Lee suffering great pain." *Id.* ¶ 9.  As a result, Mr. Lee fell on November 11, 2017, and "suffered [] severe head and knee injuries." *Id.* ¶ 10.  Mr. Lee was provided a walker in December 2017, but it did not adequately accommodate his needs.  *Id.* ¶ 11.

On January 18, 2018, Mr. Lee was transferred into the custody of the Buster Cole Unit of the TDCJ prison system.  *Id.* ¶ 12.  Upon arrival, he requested a walker and "informed TDCJ officials that he suffered arthritis in his knees and that he could not safely walk without the assistance of a walker." *Id.*  Despite Mr. Lee's requests and the "open and obvious" nature of his need for a walker, TDCJ officials never provided one "from the time of his admission until his discharge in February 2018," causing him "great pain" throughout his time in TDCJ custody.  *Id.* ¶ 13.

Mr. Lee filed his Complaint (Doc. 1) on November 11, 2019, against two Defendants: Dallas County Sheriff's Department and TDCJ.  He filed his First Amended Complaint (Doc. 6) on December 30, 2019, against four defendants: Dallas County, Parkland Hospital, TDCJ, and the University of Texas Medical Branch at Galveston ("UTMB").  After the court granted in part and denied in part Defendants TDCJ and UTMB's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (12)(b)(6) (Doc. 17), *see* Memorandum Opinion and Order (Doc. 23), Plaintiff filed his Second Amended Complaint (Doc. 24) on January 5, 2021.

In its Motion, TDCJ seeks dismissal of Mr. Lee's claims because, according to it, he fails to state a claim under either the ADA or RA. Defendant also contends that Plaintiff is not entitled to punitive damages. Mr. Lee responds that he has adequately pleaded his claims.

## II.     Legal Standard for Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas*

*Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St.*

*Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Discussion

### A. Introduction

TDCJ contends that Mr. Lee failed to state a claim under the ADA or the RA. Regarding such claims, the Fifth Circuit has noted, "The ADA's language generally tracks the language of the Rehabilitation Act and expressly states that the 'remedies, procedures and rights' of the Rehabilitation Act are obtainable under the ADA. . . . As such, the '[j]urisprudence interpreting either section is applicable to both . . . .'" *Campbell v. Lamar Inst. of Tech.*, 842 F.3d 375, 379 (5th Cir. 2016) (citations omitted). Accordingly, the court will evaluate the ADA and RA claims using this standard. Defendant also asserts that Plaintiff is not entitled to punitive damages. For the reasons that follow, the court determines that Mr. Lee has pleaded sufficient facts to survive TDCJ's Motion to Dismiss his ADA/RA claims, but he is not entitled to punitive damages based on these claims.

### B. ADA/RA Claims

To survive Defendant's Motion to Dismiss his ADA/RA claims, Plaintiff must establish a prima facie case of discrimination by setting forth allegations to demonstrate:

> (1) that he is a qualified individual [with a disability]; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*See Smith v. Harris Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020) (citing *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)). A "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). Here, TDCJ qualifies as a public entity. The parties do not dispute whether Mr. Lee is a qualified individual under the ADA/RA. Moreover, the court determines that Mr. Lee has set forth sufficient allegations to allow the court to infer that he has a disability, as defined under the ADA.[2] As such, the court now turns to the second and third prongs of an ADA/RA claim.

### 1. Second Prong

"[M]odern prisons conduct many services, programs, or activities that confer benefits on inmates, such as recreational activities, *medical services*, and vocational programs." *Smith*, 956 F.3d at 317 (citing *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998)) (internal quotation marks omitted) (emphasis added). The ADA and the RA prohibit public entities from discriminating against disabled individuals. *Id.* Additionally, these laws "impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Id.* (quoting *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005) (citing

---

[2] The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual; . . . a record of such an impairment; or . . . being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, *walking*, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A) (emphasis added).

*Tennessee v. Lane*, 541 U.S. 509, 531 (2004) (recognizing that "failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion")). "An accommodation is reasonable if it does not impose undue financial or administrative burdens or fundamentally alter the nature of the service, program or activity." *Smith*, 956 F.3d at 317 (citations and internal quotations omitted).

"A claim for failure to accommodate under the ADA has the following elements: (1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered institution; and (3) the covered institution failed to make reasonable accommodations for such known limitations." *Choi v. University of Tex. Health Sci. Ctr. at San Antonio*, 633 F. App'x 214, 215 (5th Cir. 2015) (citing *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 164 (5th Cir. 1996)). Moreover, a plaintiff must sufficiently allege that both the disability *and* its consequential limitations were known to the covered entity. *See id.* at 216. Plaintiffs can make such a showing by alleging that "they identified their disabilities as well as the resulting limitations to a public entity or its employees and requested an accommodation in direct and specific terms." *Smith*, 956 F.3d at 317 (citing *Windham v. Harris Cnty.*, 875 F.3d 229, 237 (5th Cir. 2017)). If a plaintiff made no such request, "he can prevail only by showing that 'the disability, resulting limitation, and necessary reasonable accommodation' were 'open, obvious, and apparent' to the entity's relevant agents." *Windham*, 875 F.3d at 237 (quoting *Taylor*, 93 F.3d at 165). "Even when plaintiffs successfully prove a disability-discrimination or a failure-to-accommodate claim, they 'may only recover compensatory damages upon a showing of intentional discrimination.'" *Smith*, 956 F.3d at 318 (citing *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002)).

TDCJ argues that Mr. Lee "failed to adequately plead that he was denied access to any programs or services necessary to support" his claims. Def.'s Mot. 3. It further argues that he does not identify which benefits or services TDCJ allegedly failed to accommodate during his time in its custody. *Id.* at 4. Defendant also argues that it was not "the entity responsible for medical care and medical equipment," as UTMB was the contractor responsible for such services. *Id.* According to Defendant, even if it were the proper entity to inform, Mr. Lee failed to set forth allegations identifying which TDCJ official he informed of his requested accommodation. *Id.* at 5. Plaintiff responds that he properly alleges that he alerted TDCJ officials that he suffers from arthritis and requires the assistance of a walker, and that, despite its knowledge of his condition and needs, Defendant failed to accommodate him. Pl.'s Resp. 2. Moreover, Mr. Lee argues that TDCJ cannot escape liability by asserting that UTMB was responsible for providing medical services at the Buster Cole Unit because "[TDCJ] was the entity providing the covered program under the ADA." *Id.*

Mr. Lee's allegations are sufficient to support a reasonable inference that he was denied benefits of services for which TDCJ is responsible or was otherwise being discriminated against by TDCJ. He alleges that, upon his arrival at the Buster Cole Unit, he informed TDCJ officials of his arthritic condition that prevented him from walking safely on his own and requested a walker. Pl.'s Second Compl. ¶ 12. Plaintiff also alleges that he was in "great pain" while in Defendant's custody. *Id.* ¶ 13. These allegations are sufficient to support an inference that TDCJ had knowledge of both Mr. Lee's disability (that is, arthritis in his knee) and the resulting limitation (that is, his inability to walk safely unaccommodated). Moreover, Plaintiff's pleadings are sufficient to support an inference that his request for a walker constituted a request for an accommodation in direct and specific terms. Additionally, Title II "applies to all services,

programs, and activities provided or made available by public entities." 28 C.F.R. § 35.102. "The guidance interpreting this section clarifies that '[a]ll governmental activities of public entities are covered, even if they are carried out by contractors.'" *Smith v. Board of Comm'rs of La. Stadium & Exposition Dist.*, 372 F. Supp. 3d 431, 450 (E.D. La. 2019) (quoting 28 C.F.R. pt. 35, app. B). The court agrees with Plaintiff's argument, therefore, that Defendant cannot escape liability because it contracted its medical services to UTMB. *See* Pl.'s Resp. 2.

While the court determines that Mr. Lee has adequately set forth a failure-to-accommodate claim by pleading sufficient facts to support an inference that he (1) identified both his disability *and* his resulting limitation to TDCJ; and (2) requested an accommodation in direct and specific terms, *see Smith*, 956 F.3d at 317, Plaintiff must also show intentional discrimination against him by TDCJ. "In the context of a failure-to-accommodate claim, intentional discrimination requires at least actual knowledge that an accommodation is necessary." *Id.* at 319 (citing *Cadena v. El Paso County*, 946 F.3d 717, 724 (5th Cir. 2020) ("[T]his court has affirmed a finding of intentional discrimination when a county deputy knew that a hearing-impaired suspect could not understand him, rendering his chosen method of communication ineffective, and the deputy made no attempt to adapt.")). Viewing the pleadings in the light most favorable to Plaintiff, the court determines that Mr. Lee has alleged sufficient facts to support an inference that TDCJ had actual knowledge that a walker was necessary for him to walk safely. As such, the court further determines that Plaintiff has set forth sufficient allegations to establish a prima facie case as to the second prong of his ADA/RA claims.[3] Stated differently, Mr. Lee has adequately pleaded facts to allow the

---

[3] Defendant challenges Plaintiff's allegations that his injury was open and obvious, *see* Def.'s Mot. 5, n.5; however, the court need not address this argument as it determines that Mr. Lee's allegations support a reasonable inference that TDCJ knew of his disability and its consequential limitations.

**Memorandum Opinion and Order – Page 9**

court to reasonably infer that TDCJ, a public entity, denied him benefits of services and intentionally discriminated against him.

### 2. Third Prong

Title II of the ADA provides that "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Similarly, section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (emphasis added). The third prong of an ADA/RA claim requires that a Plaintiff set forth sufficient allegations to support an inference that the exclusion, denial of benefits, or discrimination he suffered was by reason of his disability. *See Smith*, 956 F.3d at 317.

Defendant contends that Plaintiff has failed to allege adequately the third prong of an ADA/RA claim, "because he does not show that the denial of the benefit was *because* of his alleged disability," Def.'s Mot. 6 (emphasis in original), as required under the ADA, or that "the alleged discrimination was solely by reason of his disability under the RA." *Id.* 7. Moreover, TDCJ argues that Mr. Lee's claims should be dismissed because they amount to disfavored claims of inadequate treatment and "do[] not show any connection to his alleged disability." *Id.* Mr. Lee counters that his allegations that TDCJ knew of his disability, knew of his limitations, and "nevertheless failed [to] reasonably accommodate that disability makes plain that their discrimination was because of Plaintiff's disability." Pl.'s Resp. 2, n.1.

The court determines that Plaintiff has alleged sufficient facts to allow it to draw a reasonable inference that he was denied benefits (that is, the accommodation of a walker) because of his disability. Contrary to Defendant's framing of the pleadings, Plaintiff does not allege that he received inadequate treatment. The pleadings suggest that he received *no* accommodation at all. Mr. Lee alleges that he informed TDCJ upon arriving at the Buster Cole Unit of his disability and inability to walk safely on his own and requested the accommodation of a walker. Despite its alleged knowledge and his requests, Plaintiff further alleges that TDCJ never provided him a walker during his time in Defendant's custody. These allegations, viewed in the light most favorable to Plaintiff, are sufficient to draw a reasonable inference that TDCJ denied Mr. Lee his requested accommodation by reason of his disability.

### C. Punitive Damages

In his pleadings, Mr. Lee seeks to recover compensatory and punitive damages. Pl.'s Second Compl. ¶ 22. Defendant correctly argues that "[p]unitive damages may not be awarded for claims under the relevant provisions of the ADA or [RA]." Def.'s Mot. 8 (citing *Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 647 n.1 (5th Cir. 2019)). For the reason stated by Defendant, the court determines that Plaintiff is not entitled to recover punitive damages from TDCJ. *See Barnes*, 536 U.S. at 189 ("Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act.").

## IV. Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) (Doc. 26), and **determines** that Plaintiff is not entitled to punitive damages based on his pleaded claims.

**It is so ordered** this 24th day of November, 2021.

Sam A. Lindsay
United States District Judge