IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE FRED LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2690-L-BN |
| | § | |
| DALLAS COUNTY, DALLAS COUNTY HOSPITAL DISTRICT, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

With the assistance of counsel, Plaintiff Willie Fred Lee, formerly incarcerated in the Dallas County jail and in the Texas Department of Criminal Justice (TDCJ), brings claims under the Americans with Disabilities Act (the ADA) and Section 504 of the Rehabilitation Act (the RA) against Defendants Dallas County, Dallas County Hospital District (Parkland), and TDCJ. *See* Dkt. No. 24. Lee alleges that, during his incarceration, he was denied the assistance of a walker and other services to accommodate his arthritis and other disabilities, which resulted in injuries and pain and suffering. *See id.*, ¶¶ 6-13.

The three defendants answered Lee's third amended complaint. *See* Dkt. Nos. 33, 34, 50. And, on December 8, 2021, United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 42.

Parkland and Dallas County also move for summary judgment in their favor

on the affirmative defense of limitations. *See* Dkt. Nos. 38-40, 51-52. Lee responded to both motions. *See* Dkt. No. 63. And Parkland and Dallas County replied. *See* Dkt. Nos. 64, 65.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Parkland's motion for summary judgment – and dismiss the claims against it as time barred – but should deny Dallas County's motion for summary judgment.

**Applicable Background**

On November 11, 2019, Lee filed this lawsuit against TDCJ and the "Dallas County Sheriff's Department, [as] a governmental entity that was in charge of the Dallas County Jail." Dkt. No. 1, ¶ 2.

The Court notified Lee that this complaint was deficient insofar as neither the Dallas County Sheriff's Department nor the Dallas County Jail "is a jural entity that 'enjoy[s] a separate legal existence' and thus may be subject to suit." Dkt. No. 3 (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); citing *Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at *2 (N.D. Tex. May 6, 2016)). The Court then ordered Lee to cure this deficiency and move for leave to proceed *in forma pauperis* or pay the applicable filing fee by December 16, 2019. *See id.* (cautioning Lee that, unless he takes these measures, the magistrate judge "will recommend that [Lee's] complaint be dismissed without prejudice under Federal Rule of Civil Procedure 41(b)").

Because Lee paid the filing fee by December 16 but otherwise failed to cure the

deficiencies as ordered, the undersigned recommended that the Court dismiss the claims against the non-jural entities. *See Lee v. Dall. Cnty. Jail*, No. 3:19-cv-2690-L-BN, 2019 WL 13039327 (N.D. Tex. Dec. 17, 2019). Lee then filed a first amended complaint against TDCJ, Dallas County, Parkland, and the University of Texas-Medical Branch (UTMB) on December 30, 2019 [Dkt. No. 6] (the FAC); *see also* Dkt. No. 24 (third amended complaint dropping UTMB as a defendant). Nevertheless, on January 2, 2020, the Court dismissed this action without prejudice under Rule 41(b) for Lee's failure to comply with a court order. *See Lee v. Dall. Cnty.*, No. 3:19-cv-2690-L-BN, 2020 WL 10963959 (N.D. Tex. Jan. 2, 2020).

The Court reinstated this case, granting Lee's motion, on January 17, 2020. *See* Dkt. Nos. 6, 9. And, on April 21, 2020, the Court entered an order noting that

> [t]his action was reopened on January 17, 2020. More than 90 days have passed, and the Clerk's docket sheet reflects that no service has been made on Defendants Texas Department of Criminal Justice; Dallas County; University of Texas Medical Branch; and Dallas County Hospital District. When service is not made on a defendant within 90 days after the filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice or instruct the plaintiff to effect service within a specific time. Fed. R. Civ. P. 4(m).
> Plaintiff is hereby directed to effect service on Defendants Texas Department of Criminal Justice; Dallas County; University of Texas Medical Branch; and Dallas County Hospital District, by May 21, 2020, or show good cause in writing for the failure or inability to effect service. Failure of Plaintiff to effect service or show good cause by this date will result in dismissal of this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dkt. No. 10 (emphasis omitted).

Lee requested, and the Court issued, summonses on April 29, 2021. *See* Dkt. Nos. 11, 12. Dallas County and Parkland were both served on May 5, 2020. *See* Dkt.

No. 13. Parkland answered the FAC on May 22, 2020. *See* Dkt. No. 14. And the County answered on May 26, 2020. *See* Dkt. No. 16.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

"In evaluating the propriety of a defendant's motion for summary judgment based upon the statute of limitations, the court must draw all reasonable inferences in favor of the non-moving party." *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (citing *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "To obtain summary judgment, 'if the movant bears the burden of proof on an issue ... because ... as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the ... defense to warrant judgment in his favor.'" *Id.* (quoting *Chaplin*, 307 F.3d at 372 (quoting, in turn, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)); emphasis in *Fontenot*).

The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D.

Tex. Aug. 23, 2007).

Consistent with Congress's mandate, "[t]he ADA and the [RA] generally are interpreted in *pari materia*." *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) (en banc) (footnote omitted). And, while neither statute "provides a limitations period," *id.* at 236, as to both, the Court should "apply Texas's two-year personal-injury limitations period to this case," *id.* at 237 (footnote omitted); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003.

But when Lee's claims under the ADA and the RA accrued – that is, when the two-year limitations period began to run – remains "a matter of federal law." *Id.* at 238 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008)).

Generally, "accrual occurs when a plaintiff has 'a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Wallace*, 549 U.S. at 388; citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Put another way, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Epps*, 550 F.3d at 414 (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)).

This framework also applies to any claims under 42 U.S.C. § 1983 that Lee may now allege. *See, e.g.*, *Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2019 WL 5031357, at *5-*6 (N.D. Tex. July 29, 2019), *rec. accepted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019).

**Analysis**

In response to the motions for summary judgment, Lee argues – as to both Dallas County and Parkland – that the two-year limitations period expired on Monday, December 30, 2019, under Federal Rule of Civil Procedure 6(a)(1)(C), and, in the alternative – but only as to Dallas County – that the FAC is timely because it relates back to the original complaint, under Federal Rule of Civil Procedure 15(c). *See* Dkt. 63.

    I.    The Court should reject Lee's Rule 6(a)-based argument and grant Parkland's motion for summary judgment.

The parties agree that Lee's last day in custody at the Dallas County jail was December 27, 2017. *See, e.g.*, Dkt. No. 52 at 14; Dkt. No. 63 at 2. So that is the latest date on which his ADA and RA claims against Dallas County and Parkland (the jail's medical provider) could have accrued. *See Frame*, 657 F.3d at 238 ("[A]n injury occurs (and a complete and present cause of action arises) … when a disabled individual has sufficient information to know that he has been denied the benefits of a service, program, or activity of a public entity.").

Working from that date, Lee concludes that the limitations period began to run the next day, December 28, 2017, and that, since December 28, 2019 fell on a Saturday, the limitations period was extended to Monday, December 30, 2019. *See* Dkt. No. 63 at 2-3; FED. R. CIV. P. 6(a)(1)(C) ("The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." "When the period is stated in days or a longer unit of time" "include the last day of the period, but if the last day

is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

As set out above, when Lee's claims accrued is a matter of federal law, but a Texas statute governs limitations here. And the undersigned cannot agree with Lee's conclusion that, under Texas law, the limitations period began to run one day after the latest date on which his claims could have accrued. Instead, considering Section 16.003, "Texas law requires a claim be brought 'no later than the same calendar day two years following the accrual of the cause of action,' which would make [Friday, December 27, 2019], the final day [Lee] could file [his] claim[s]" considering just Rule 6(a). *Matter of Hoffman*, 955 F.3d 440, 444 n.2 (5th Cir. 2020) (quoting *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 893 (5th Cir. 2005)).

Because Lee did not name Parkland as a defendant until December 30, 2019 and does not argue that, as to Parkland, the FAC filed on that date relates back to the original complaint filed on November 11, 2019 (or otherwise argue that the limitations period as to Parkland should be tolled), the Court should find that Parkland has established beyond peradventure all elements of its affirmative defense of limitations and therefore grant Parkland's motion for summary judgment and dismiss the claims against Parkland with prejudice.

  II. As to Dallas County, the December 30, 2019 amendment relates back to the original complaint, making the claims against the County timely <u>and requiring that its motion for summary judgment be denied.</u>

While the above analysis applies equally to Dallas County, Lee further argues that his claims against the County relate back to the original complaint and are therefore timely under Rule 15(c), which "governs when an amended pleading 'relates

back' to the date of a timely filed original pleading and is, therefore, considered timely even though it was filed after the statute of limitations expired. *Liggins v. City of Duncanville, Tex.*, No. 3:20-cv-654-S, 2021 WL 929105, at *4 (N.D. Tex. Mar. 11, 2021) (citation omitted).

"[T]he purpose of relation back" is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (citations omitted). That is

> [a] prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

*Id.*

Accordingly, courts in this circuit "take a 'sensible approach to reading a complaint so that suits may be maintained regardless of technical pleading errors' as is required by Rule 15(c)" – the purpose of which "is to 'help, not hinder, persons who have a legal right to bring their problems before the courts." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (cleaned up; quoting *Hill v. Shelander*, 924 F.2d 1370, 1373-74, 1375 (7th Cir. 1991)).

> Under Rule 15(c)(1), an amendment relates back to the date of an original pleading when:
>   (A) the law that provides the applicable statute of limitations allows relation back;
>   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set

>> out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
>
> FED. R. CIV. P. 15(c)(1).

*Liggins*, 2021 WL 929105, at *4.

First, the United States Court of Appeals for the Fifth Circuit "has held that Texas law providing the applicable limitations period for personal injury claims does not allow relation back within the meaning of Rule 15(c)(1)(A)." *Id.* (citing *Balle v. Nueces Cnty.*, 952 F.3d 552, 557 (5th Cir. 2017); footnote omitted). So, as the parties do, the Court should focus on Rule 15(c)(1)(C) to determine whether the December 30, 2019 amendment naming Dallas County as a defendant in place of the "Dallas County Sheriff's Department, [as] a governmental entity that was in charge of the Dallas County Jail" relates back to the timely-filed original complaint. *See Balle*, 952 F.3d at 557 ("This rule 'is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification.'" (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998))).

"Courts interpreting Rule 15(c)(1)(C) have held that three elements must be met before an amendment will relate back: (1) the same conduct, transaction, or occurrence; (2) notice; and (3) mistake." *Liggins*, 2021 WL 929105, at *4 (citing *Wilson v. City of Mission, Tex.*, No. 7:18-cv-00399, 2020 WL 2079359, at *3 (S.D. Tex. Apr.

29, 2020)). The parties do not dispute the first element, Rule 15(c)(1)(B), as Dallas County was substituted as to the same set of allegations. And, as to the time in which to accomplish the second two elements, "the comments to amended Rule 15(c) state that the rule not only allows service during the [90] days [that amended Rule 4(m) now allows] but also during any extension the court may grant." *McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir. 1998) (citing FED. R. CIV. P. 15(c) advisory committee's notes (1991 Amendments)). Here, the Court extended Lee's deadline to effect service – and thus provide notice to Dallas County that satisfies the knew-or-should-have-known requirement – to May 21, 2020. *See* Dkt. No. 10.

"The notice element … may be satisfied by actual awareness of the issues in the complaint, <u>or</u> by an 'identity of interest between the original defendant and the defendant sought to be added or substituted,' which means 'the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other. In this regard, notice may be imputed to the new party through shared counsel.'" *Wilson*, 2020 WL 2079359, at \*4 (citing *Sanders-Burns*, 594 F.3d at 378, then quoting *Jacobsen*, 133 F.3d at 320; emphasis added).

Here, the FAC was served on Dallas County Judge Clay Jenkins on May 5, 2020 – within the Rule 4(m) deadline extended by the Court. The County therefore obtained actual awareness of the issues in this lawsuit within the time required by Rule 15.

And, prior to *Krupski*, the Fifth Circuit held that such notice – served on the

proper defendant prior to expiration of the Rule 4(m) period – also satisfies the third element. *See McGuire*, 137 F.3d at 325 ("With respect to the United States, delivery of process to the United States Attorney satisfies the notice and the knew or should have known requirements of Rule 15(c). While the notice does not fall within Rule 4(m)'s [former] 120 day period, it does fall within the enlargement the court granted. Thus, the amended complaint did relate back." (footnote omitted)).

This holding is consistent with *Krupski*, in which the United States Supreme Court held that "the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Krupski*, 560 U.S. at 553-54. For example, had Lee served the original complaint – naming as a defendant not Dallas County but its sheriff's department or its jail – on Judge Jenkins (on whom Lee served the FAC), given the context of Lee's allegations, the County "should have known that it would have been named as a defendant but for an error." *Id.* at 548; *see, e.g.*, *Jackson-Anderson v. City of Peoria*, No. CV-20-00673-PHX-MTL, 2020 WL 3078376, at *3 (D. Ariz. June 10, 2020) ("The parties do not dispute whether Rules 4(m) and 15(c)(1)(B) have been satisfied. The inquiry now turns to whether the City of Peoria 'knew or should have known that it would have been named as a defendant but for an error.' The original complaint named the 'City of Peoria Police Department.' Plaintiff's attorneys attempted to serve the office of the City Attorney for the City of Peoria. The City Attorney's office justifiably questioned its ability to accept service of process on a non-jural entity. Recognizing that, however, the Court is persuaded that

the City of Peoria would have been named in the original complaint but for a mistake as to the identity of the proper defendant. The police department is a sub-entity within the City of Peoria's government structure. Because service was attempted on the City Attorney, the City of Peoria knows, or, at the very least, should know, 'that it would have been named as a defendant but for the error.' The Motion is denied with respect to the City of Peoria." (citations omitted)).

But here, Lee did more prior to expiration of the Rule 4(m) deadline extended by court order – he served the FAC naming Dallas County as a defendant. "Rule 15(c)(1)(C) does permit a court to examine a plaintiff's conduct during the Rule 4(m) period … [t]o the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a 'mistake concerning the proper party's identity.'" *Krupski*, 560 U.S. at 553-54 (citation omitted). And it would be difficult to argue that such service did not inform the County's understanding that it was Lee's intent to name it as a defendant in the original complaint. *Cf. Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011) (per curiam) ("[T]o satisfy Rule 15(c), Plaintiffs must show, *inter alia*, that by June 30, 2008," the expiration of the period provided by Rule 4(m), "the United States 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" (citation omitted)).

For these reasons, the Court should find that Dallas County has failed to establish beyond peradventure all elements of its affirmative defense of limitations and therefore deny the County's motion for summary judgment.

## Recommendation

The Court should grant Dallas County Hospital District (Parkland)'s motion for summary judgment on its affirmative defense of limitations [Dkt. No. 38] and dismiss the claims against it with prejudice, but the Court should deny Dallas County's motion for summary judgment on its affirmative defense of limitations [Dkt. No. 51].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 18, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE